IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02657-BNB

ZACHARY MORENO,

    Plaintiff,

v.

LUIS HERNANDEZ, Adams County Sherrifs [sic] Deputy,
MELANIE GREGORY, TCM or Warden,
ADAMS COUNTY, COLORADO, and
ADAMS COUNTY DETENTION FACILITY,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 5 2006

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Zachary Moreno is incarcerated at the Adams County Detention Facility in Brighton, Colorado. He has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343 (1993), as well as pursuant to various other statutes whose relevance to his claims he fails to explain. He asks for money damages and declaratory and injunctive relief. On January 24, 2006, he filed what appears to be an amendment to his complaint.

The Court must construe liberally the complaint, as amended, because Mr. Moreno is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Moreno will be ordered to file an amended complaint and to show cause why the complaint, as amended, should not be dismissed for failure to exhaust the Adams

County Detention Facility's grievance procedure.

The Court has reviewed the complaint, as amended, and finds that it is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. A complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." **Blazer v. Black**, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992).

The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Moreno fails to provide a short and plain statement of the grounds upon which the Court's jurisdiction depends. **See** Fed. R. Civ. P. 8(a)(1). He fails to make clear which claims are asserted pursuant to which statute. Mr. Moreno also fails to set

2

forth a short and plain statement of his claims showing that he is entitled to relief. **See** Fed. R. Civ. P. 8(a)(2).

Mr. Moreno is suing an improper party. The Adams County Detention Facility is not a proper Defendant in this action. The Adams County Detention Facility is not separate from Adams County, and thus, is not a person under 42 U.S.C. § 1983. **See Stump v. Gates**, 777 F. Supp. 808, 814-16 (D. Colo. 1991), **aff'd**, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against the Adams County Detention Facility must be considered as asserted against Adams County.

Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989). Mr. Moreno cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

In his complaint, Mr. Moreno asserts three claims that arise from his incarceration at the Adams County Detention Facility. In the amendment to the complaint he asserts additional claims. As his first claim, he contends that he was subjected to excessive force on November 22, 2005, when Defendant Luis Hernandez threw him, handcuffed and naked, on his bunk and conducted a body cavity search. He contends that Deputy Hernandez had no reason to conduct the body cavity search,

especially since Deputy Hernandez already had found contraband in Plaintiff's shoes, and that the anal cavity search was sexually motivated.

As his second claim, he generally complains about the conditions of his confinement, and he asserts the claim against Melanie Gregory, the Adams County Detention Center technical service manager or warden. He specifically complains that he is only being provided with cleaning supplies once a month to clean a white and chalky residue on the shower walls and doors, that the detention facility's heating and ventilation system is inadequate because he is unable to keep warm, that there are no chairs in segregation, only stools, and that the food portions are small and food is outdated, old, or stale by the time inmates consume it.

As his third claim, Mr. Moreno alleges that he was denied due process as to three different disciplinary reports. He contends that the first disciplinary report he received alleged that he was in a fight. He argues that he was punished without a proper investigation because he never actually fought anyone and never received a hearing or was allowed to state his account of the alleged fight. He does not allege the basis for the second or third disciplinary reports he received, asserting only that the hearing officer held both hearings simultaneously. He fails to allege against whom this claim is asserted, how he was punished, and the basis for the second and third disciplinary reports.

In the amendment to the complaint, he asserts two vague claims. As his first claim, he alleges that on January 9 or 10, 2006, he was physically brutalized by security staff while housed in the infirmary. However, he fails to provide any facts in support of this allegation or to allege against whom it is asserted. He also asserts that on

4

January 20 or 21, 2006, a Deputy Drieling searched and read sensitive and confidential legal letters, documents, and research, and that as a result of the search he was locked down for four days. He fails to allege what from the search resulted in his four-day lock down. He attaches to the amendment two disciplinary appeals without explaining the relevance of either.

Mr. Moreno fails to allege each Defendant's personal participation in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Moreno must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Moreno will be ordered to file an amended complaint in which he sues the proper Defendants and alleges specific facts to demonstrate how each Defendant personally participated in the asserted constitutional violations. Mr. Moreno is reminded that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). Therefore, Mr. Moreno should name as

Defendants in the amended complaint the individuals he believes actually violated his rights.

In addition, Mr. Moreno alleges that the Adams County Detention Facility has a grievance procedure. He fails, however, to include copies of the claims he attempted to exhaust so that the Court may determine whether the claims he attempted to exhaust are the same as the claims as he asserts in the instant action. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. **See Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Mr. Moreno is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies as to each of his claims. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. Dec. 29, 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Moreno must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Therefore, Mr. Moreno either must attach copies of the administrative proceedings he exhausted or

attempted to exhaust as to each of his claims asserted in the complaint, or describe the disposition of those administrative proceedings with specificity. He has failed to do either. Finally, 42 U.S.C. § 1997e(a) imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Moreno has failed to exhaust administrative remedies for any one of his claims, the entire complaint, as amended, must be dismissed. Accordingly, it is

ORDERED that Mr. Moreno file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the complaint, as amended, should not be dismissed for failure to exhaust the Adams County Detention Facility's grievance procedure as to each of his asserted claims. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Moreno, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Moreno submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Moreno fails to comply with this order to the Court's satisfaction within the time allowed, the complaint, as amended, and the action

will be dismissed without further notice.

DATED February 15, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02657-BNB

Zachary Moreno
Prisoner No. 05-12899
Adams County Det. Facility
PO Box 5001
Brighton, CO 80601

   I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on  2/15/06

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk