IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02657-BNB

ZACHARY MORENO,

    Plaintiff,

v.

LUIS HERNANDEZ,
MELANIE GREGORY,
ADAMS COUNTY, COLORADO,
DEPUTY SHERIFF WHITE (Adams County),
DEPUTY SHERIFF BARNES (Adams County), and
DEPUTY SHERIFF DENLEY (Adams County),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN - 2 2006

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Zachary Moreno filed *pro se* on May 18, 2006, a motion titled "Motion for Request to Vacate Judgment of Dismissal Allowing Plaintiff to Procede [sic] to Amend Claim." Mr. Moreno seeks reconsideration of the April 20, 2006, order and judgment of dismissal in the instant action. The Court must construe the motion liberally because Mr. Moseley is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The motion will be construed liberally as a motion for reconsideration. For the reasons stated below, the motion for reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be considered pursuant to Rule 59(e). *See id.* A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Moreno's motion, which was filed more than ten days after the Court's order and judgment of dismissal entered on April 20, 2006, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the amended complaint and the instant action without prejudice because Mr. Moreno failed within the time allowed to comply with the directives of the February 15, 1006, order for an amended complaint and to show cause. The basis for the dismissal is explained in detail in the April 20, 2006, dismissal order. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Moreno fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion for reconsideration will be denied. Accordingly, it is

ORDERED that the motion titled "Motion for Request to Vacate Judgment of Dismissal Allowing Plaintiff to Procede [sic] to Amend Claim" that Plaintiff Zachary Moreno filed *pro se* on May 18, 2006, and which the Court has construed liberally as a

motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this __2__ day of ___June___, 2006.

BY THE COURT:

*Zita L. Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02657-BNB

Zachary Moreno
Prisoner No. 130115
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/2/06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk